**SEYFARTH SHAW LLP**
Kerry Friedrichs (SBN 198143)
kfriedrichs@seyfarth.com
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
REYES FLEET MANAGEMENT, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO L. GAMEZ, individually, and on behalf of others similarly situated;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>REYES FLEET MANAGEMENT, L.L.C.; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | **CLASS ACTION**<br><br>Case No. 2:26-CV-03926 CV (RAOx)<br><br>**DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Los Angeles County Superior Court Case No. 26STCV07112]<br><br>Complaint Filed:　　March 4, 2026<br>Trial Date:　　None Set |

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant REYES FLEET MANAGEMENT, L.L.C. ("Defendant"), by and through its undersigned counsel, responds to the First Amended Complaint ("Complaint") filed by plaintiff RICARDO L. GAMEZ ("Plaintiff") in the above-captioned matter as follows:

### GENERAL RESPONSE

Unless specifically admitted, Defendant denies all of the allegations in the numbered paragraphs of the Complaint, and further denies that it was responsible for, or liable for, any of the happenings or events mentioned in the Complaint. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. Defendant need not admit or deny legal conclusions or arguments. Although Defendant need not admit or deny legal conclusions or arguments, Defendant affirmatively denies that it has violated any applicable federal or state law, and asserts that Plaintiff should be denied the relief requested.

Defendant answers the individual allegations of the Complaint as follows:

### INTRODUCTION AND PRELIMINARY STATEMENT

1.      Paragraph 1 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

2.      Paragraph 2 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

3.      Defendant admits that it conducted business within the State of California, including Los Angeles County. The remainder of the allegations in Paragraph 3 contain legal arguments that require no response. For the purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

4.      Paragraph 4 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

5.      Paragraph 5 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

1

6.      Paragraph 6 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

### THE PARTIES

**A.      Plaintiff**

7.      Defendant admits that it employed Plaintiff from approximately August 2022 to December 2025. Otherwise, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each and every allegation contained therein.

8.      Paragraph 8 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

**B.      Defendants**

9.      Defendant admits that it conducts business within the State of California, including Los Angeles County, and that Plaintiff was at one time employed by Defendant. The remainder of the allegations in Paragraph 9 contain legal arguments that require no response. For the purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

10.      Paragraph 10 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

11.      Paragraph 11 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

12.      Paragraph 12 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.      Defendant admits that it employed Plaintiff from approximately August 2022 to December 2025, and that it classified Plaintiff as a non-exempt employee.

2

Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's current place of residence, and on that basis denies that allegation. Defendant denies that Plaintiff was typically scheduled to work at least 5 days in a workweek, and typically in excess of 8 hours in a single workday.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

## **CLASS ACTION ALLEGATIONS**

21. Paragraph 21 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

22. Paragraph 22 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

23. Paragraph 23 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

24. Paragraph 24 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies each and every allegation contained therein.

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

26.     Paragraph 26 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

27.     Paragraph 27 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

28.     Paragraph 28 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

29.     Paragraph 29 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

## FIRST CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

30.     Paragraph 30 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

31.     Paragraph 31 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

32.     Defendant denies the allegations in Paragraph 32.

33.     Paragraph 33 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

34.     Paragraph 34 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

4

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

35. Paragraph 35 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

36. Defendant denies that it failed to keep adequate time records. Otherwise, Paragraph 36 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

37. Paragraph 37 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

38. Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

40. Paragraph 40 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

41. Paragraph 41 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

42. Paragraph 42 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

5

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

45.     Paragraph 45 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

46.     Defendant denies that it failed to keep adequate time records. Otherwise, Paragraph 46 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

47.     Paragraph 47 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

48.     Paragraph 48 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

## THIRD CAUSE OF ACTION

### (Against all Defendants for Failure to Provide Meal Periods)

49.     Paragraph 49 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

50.     Paragraph 50 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

51.     Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

6

## FOURTH CAUSE OF ACTION

### (Against all Defendants for Failure to Authorize and Permit Rest Periods)

53.     Paragraph 53 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

54.     Paragraph 54 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

55.     Defendant denies the allegations in Paragraph 55.

56.     Paragraph 56 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

## FIFTH CAUSE OF ACTION

### (Against all Defendants for Failure to Indemnify Necessary Business Expenses)

57.     Paragraph 57 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

58.     Defendant denies the allegations in Paragraph 58.

59.     Paragraph 59 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

60.     Paragraph 60 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

7

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

61.    Paragraph 61 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

62.    Paragraph 62 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

63.    Defendant denies the allegations in Paragraph 63.

64.    Paragraph 64 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

65.    Paragraph 65 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

66.    Paragraph 66 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

67.    Paragraph 67 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

68. Paragraph 68 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

69. Paragraph 69 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

70. Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

72. Paragraph 72 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

73. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis denies each and every allegation contained therein.

74. Paragraph 74 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

75. Paragraph 75 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

9

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

# EIGHTH CAUSE OF ACTION

## (Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

76. Paragraph 76 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

77. Admit that Defendant is a Limited Liability Company.

78. Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

80. Paragraph 80 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

81. Defendant denies that it failed to pay minimum wages, and other benefits. Otherwise, Paragraph 81 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

82. Defendant denies that it failed to pay overtime compensation and other benefits. Otherwise, Paragraph 82 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

83. Defendant denies that it failed to maintain accurate records of all hours worked. Otherwise, Paragraph 83 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

84. Defendant denies that it failed to provide meal periods in accordance with California Labor Code sections 226.7 and 512, and/or any applicable IWC wage order.

10

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

Otherwise, Paragraph 84 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

85.    Defendant denies that it failed to authorize and permit rest periods in accordance with California Labor Code section 226.7 and/or any applicable IWC wage order. Otherwise, Paragraph 85 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

86.    Defendant denies that it failed to indemnify employees for necessary business expenses in accordance with California Labor Code section 2802 and/or any applicable IWC Wage Orders. Otherwise, Paragraph 86 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

87.    Defendant denies that it failed to provide accurate itemized wage statements in accordance with California Labor Code section 226. Otherwise, Paragraph 87 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant denies the allegations in Paragraph 89.

90.    Paragraph 90 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

91.    Paragraph 91 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

92.    Paragraph 92 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

93.    Paragraph 93 contains legal arguments that require no response. For purposes of clarity, Defendant objects to these legal arguments and denies these allegations.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief, and each sub-part therein, consists of legal conclusions and statements regarding the relief sought by Plaintiff to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in the Prayer for Relief and each sub-part therein.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff's Demand for Jury Trial on all issues consists of legal conclusions and statements regarding the relief sought by Plaintiff to which no response is required.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendant asserts and alleges the following separate and additional defenses without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses:

## FIRST SEPARATE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause of action upon which any relief may be granted.

## SECOND SEPARATE DEFENSE

### (No Right to Attorney's Fees)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

## THIRD SEPARATE DEFENSE

### (Statutes of Limitations)

Plaintiff's Complaint, and the claims of those persons he purports to represent, are barred by the applicable statutes of limitation for each alleged cause of action, including,

12

but not limited to, California Code of Civil Procedure section 337, 338, 339, 340, and 343 and California Business & Professions Code section 17208.

## FOURTH SEPARATE DEFENSE

### (Compromise, Settlement, and Release)

The claims of Plaintiff and the claims of those persons he purports to represent are barred, in whole or in part, to the extent that they have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

## FIFTH SEPARATE DEFENSE

### (Res Judicata/Collateral Estoppel/Accord & Satisfaction/Issue Preclusion)

Plaintiff's claims, and those of the individuals he seeks to represent, are barred to the extent that Plaintiff or any individual he seeks to represent was a plaintiff or could have been a plaintiff in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorneys General Act action, claim before the Division of Labor Standards Enforcement, or individual civil case relating to Plaintiff's employment or the employment of any person he seeks to represent. Plaintiff's claims are further barred to the extent that any claim on an issue relevant to this action was decided against the Plaintiff, against any individual he seeks to represent, or against any individual with similar interest in litigating the matter, in a prior judicial or agency action.

## SIXTH SEPARATE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that Plaintiff and those persons Plaintiff purports to represent have engaged in conduct by which they are estopped from asserting the claims in the Complaint against Defendant.

13

## SEVENTH SEPARATE DEFENSE

### (Unclean Hands)

Plaintiff and/or those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## EIGHTH SEPARATE DEFENSE

### (Laches)

Plaintiff's Complaint is barred by the doctrine of *laches*. Plaintiff exercised inexcusable delay in commencing this action. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and those persons he purports to represent failed to report any such alleged conduct, their causes of action are barred by the doctrine of *laches*.

## NINTH SEPARATE DEFENSE

### (Justification)

The Complaint is barred because Defendant at all relevant times acted reasonably, justifiably, lawfully, and in good faith based on all relevant facts and circumstances known by Defendant.

## TENTH SEPARATE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## ELEVENTH SEPARATE DEFENSE

### (Conduct Reasonable and In Good Faith/Not Knowing and Intentional)

Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it complied fully with California wage and hour laws. Consequently, Defendant's conduct was not knowing, intentional, or willful within the meaning of the California Labor Code, and penalties cannot be awarded.

14

## TWELFTH SEPARATE DEFENSE

### (No Knowing and Intentional Violation)

Plaintiff's Complaint is barred to the extent that neither Plaintiff nor those persons he purports to represent can allege any facts showing that Defendant willfully, knowingly and intentionally violated the provisions of California Labor Code section 226. Plaintiff and the putative class members have, therefore, no claim pursuant to California Labor Code section 226.

## THIRTEENTH SEPARATE DEFENSE

### (No Injury)

Plaintiff and those persons he purports to represent have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

## FOURTEENTH SEPARATE DEFENSE

### (Offset)

To the extent that Plaintiff or any individual he seeks to represent is entitled to damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other remuneration previously provided to Plaintiff or that individual.

## FIFTEENTH SEPARATE DEFENSE

### (Excessive Fines)

Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendant's rights to due process and equal protection under the United States and California Constitutions. Additionally, the recovery of any statutory penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and

15

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## SIXTEENTH SEPARATE DEFENSE

### (Labor Code § 2856)

This Complaint is barred by Labor Code section 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

## SEVENTEENTH SEPARATE DEFENSE

### (*De Minimis* Doctrine)

The Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

## EIGHTEENTH SEPARATE DEFENSE

### (Off the Clock Work Prohibited)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein that asserts claims based on alleged off-the-clock work, is barred, in whole or in part, because off-the-clock work is prohibited by Defendant.

## NINETEENTH SEPARATE DEFENSE

### (Regular Rate of Pay)

Plaintiff's claims are barred because the compensation paid to Plaintiff was properly calculated and lawfully included all includable compensation in the regular rate of pay for purposes of paying overtime, meal and rest premiums, and sick pay in accordance with the California Labor Code, related regulations, and the applicable California IWC Orders, and Defendant complied with all relevant wage and hour requirements, and any excluded forms of payment were properly excluded as a matter of law.

16

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

## TWENTIETH SEPARATE DEFENSE

### (No Knowledge of Off-the-Clock Work, or Denial of Meal or Rest Breaks)

Plaintiff's claims, and the claims of those persons he purports to represent, are barred to the extent that Defendant did not have actual or constructive knowledge of any purported unpaid minimum wages, overtime, or off-the-clock work allegedly performed by Plaintiff or any person he purports to represent. Defendant also has no actual or constructive knowledge of any meal or rest breaks allegedly denied to Plaintiff or any person he seeks to represent.

## TWENTY-FIRST SEPARATE DEFENSE

### (Meal and Rest Breaks Provided and/or Authorized and Permitted)

Plaintiff's claims, and the claims of those persons he purports to represent, for failure to provide meal breaks, and failure to authorize and permit rest breaks, are barred because Defendant provided Plaintiff and/or those persons he seeks to represent with meal breaks and authorized and permitted rest breaks to which they were legally entitled.

## TWENTY-SECOND SEPARATE DEFENSE

### (Premium Wages Paid)

Plaintiff's claims, and the claims of those persons he purports to represent, are barred to the extent that Plaintiff and/or those persons he seeks to represent were paid a "premium wage" of an additional hour of regular rate of pay for each day, if any, for any alleged break violations, which Defendant denies. The payment of such "premium wages" negates any additional liability for alleged break violations.

## TWENTY-THIRD SEPARATE DEFENSE

### (Waiver of Meal and Rest Breaks)

Plaintiff's claims and the claims of those he seeks to represent, are barred to the extent they had discretion to and did voluntarily waive their meal and rest breaks or take their meal and rest breaks at a time and duration of their choosing, that varied from Defendant's lawful policies.

17

## TWENTY-FOURTH SEPARATE DEFENSE

### (Good Faith Dispute - Labor Code § 1194.2)

Plaintiff, and those persons he seeks to represent, are not entitled to Labor Code section 1194.2 penalties because a good faith dispute exists as to Plaintiff's claims, such that Defendant cannot be held to have willfully failed to comply with the requirements of the California Labor Code.

## TWENTY-FIFTH SEPARATE DEFENSE

### (No Willful Violation - Labor Code § 203)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any penalty award since, at all times relevant and material herein, Defendant did not willfully fail to comply with the requirements of the California Labor Code.

## TWENTY-SIXTH SEPARATE DEFENSE

### (Good Faith Dispute - Labor Code § 203)

Plaintiff, and the individuals he seeks to represent, are not entitled to Labor Code section 203 penalties because a good faith dispute existed as to the monies allegedly owed at the time of the alleged termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Lawful Timekeeping Practices)

Plaintiff's claims are barred because Defendant's timekeeping practices are fair and neutral on their face and are used in such a manner that they will not result, over a period of time, in failure to compensate employees properly for all of the time they have actually worked.

## TWENTY-EIGHTH SEPARATE DEFENSE

### (Reimbursement Obligation Satisfied)

Plaintiff's purported cause of action alleging unreimbursed expenses fails to the extent that Defendant has satisfied any expense reimbursement obligation under California Labor Code section 2802.

18

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-NINTH SEPARATE DEFENSE

### (Unreasonable and Unnecessary Expenses)

Plaintiff's expense reimbursement claim is barred in whole or in part to the extent Plaintiff or those persons he seeks to represent seek reimbursement for expenses that were not incurred in direct consequence of the discharge of their duties and/or were not necessary or reasonable.

## THIRTIETH SEPARATE DEFENSE

### (Inadequate Representative)

This matter cannot proceed as a class action because Plaintiff is an inadequate representative of the class of individuals that he seeks to represent in this action. Plaintiff is not an adequate representative of any group of employees, and has not presented sufficient factual allegations that he is similarly situated to other employees in the putative class he seeks to represent.

## THIRTY-FIRST SEPARATE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's request for injunctive and/or other equitable relief fails because Plaintiff, and those he seeks to represent, have an adequate remedy at law.

## THIRTY-SECOND SEPARATE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice)

Without admitting the allegations in the Complaint, Plaintiff's cause of action pursuant to California Business & Professions Code section 17200 *et seq*. (Unfair Competition Law) fails because the alleged practices of Defendant are not unfair, unlawful, or fraudulent, and are not likely to deceive the public. In addition, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause. Plaintiff's claim also fails to the extent he seeks to recover sums that are not recoverable under the UCL, e.g., unreimbursed expenses.

19

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

## THIRTY-THIRD SEPARATE DEFENSE

### (No Certifiable Class)

Plaintiff's Complaint fails to allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure section 382.

## THIRTY-FOURTH SEPARATE DEFENSE

### (No Class Action)

Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including but not limited to, ascertainability, community of interest, commonality, predominance, numerosity, typicality, adequacy, and superiority, and public policy considerations do not favor such a certification.

## THIRTY-FIFTH SEPARATE DEFENSE

### (Incorporation By Reference as to Individual Claims)

In the event that a class should be certified in this matter, Defendant incorporates by reference and re-allege all of its defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the class and each person he seeks to represent.

## THIRTY-SIXTH SEPARATE DEFENSE

### (Arbitration/Class Waiver)

This Court lacks jurisdiction over Plaintiff's class claims and those of the persons Plaintiff seeks to represent, due to the existence of binding arbitration agreements and class waivers executed by individuals Plaintiff seeks to represent. Pursuant to California law those individuals Plaintiff seeks to represent are required to submit their individual claims to arbitration.

## THIRTY-SEVENTH SEPARATE DEFENSE

### (Preemption of California Meal and Rest Period Rules by Federal Law)

The alleged meal and rest period claims of Plaintiff and the individuals he seeks to represent are preempted by federal law, including but not limited to the Federal Motor Carrier Safety Administration's ("FMCSA") hour-of-service regulations. *See*

20

*International Brotherhood of Teamsters v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. Jan. 15, 2021) (upholding FMCSA's 2018 preemption decision regarding California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers).

## THIRTY-EIGHTH SEPARATE DEFENSE

### (Exclusion from Overtime Rules for Drivers)

The overtime claims of Plaintiff, and the individuals he seeks to represent, are barred to the extent that Plaintiff and/or the individuals he seeks to represent are governed by the United States Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service of Drivers; or Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200 and the following sections, regulating hours of drivers.

## THIRTY-NINTH SEPARATE DEFENSE

### (Reservation of Rights)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated affirmative defenses available. Defendant thus reserves the right to assert additional affirmative defenses in the event discovery and further investigation indicate it would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by his Complaint;

2.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.  That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.  That Defendant be awarded its costs incurred herein, including reasonable attorneys' fees; and

5.  For such other and further relief to Defendant as the Court deems just and proper.

21

DEFENDANT REYES FLEET MANAGEMENT, L.L.C.'S ANSWER TO FIRST AMENDED COMPLAINT

DATED: May 27, 2026                    SEYFARTH SHAW LLP


                                       By: */s/ Ryan McCoy*
                                           Kerry Friedrichs
                                           Ryan McCoy
                                           Petersen Walrod

                                           Attorneys for Defendant
                                           REYES FLEET MANAGEMENT,
                                           L.L.C.

22

326069641v.1